UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BLACK RUSH MINING LLC, ) <br> INDIANA FARMS, INC. ) <br> LAFAYETTE ENERGY COMPANY, and ) <br> JOHN A. BRANDT individually, ) <br> ) <br> Plaintiffs/Counterclaim-Defendants, ) <br> ) <br> vs. ) <br> ) <br> BLACK PANTHER MINING, LLC, ) <br> FIVE STAR MINING, ) <br> BB MINING, ) <br> PATRICK BLANKENBERGER ) <br> individually, ) <br> DAVID M. BLANKENBERGER ) <br> individually, ) <br> DONALD BLANKENBERGER ) <br> individually, ) <br> ) <br> Defendants/Counterclaim-Plaintiffs. ) | 3:12-cv-24-RLY-WGH |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO PROSECUTE**

Plaintiffs and Counterclaim-Defendants, Black Rush Mining, LLC, Indiana Farms, Inc., Lafayette Energy Company, and John A. Brandt, individually, filed suit against Defendants and Counterclaim-Plaintiffs, Black Panther Mining, LLC, Five Star Mining, BB Mining, and Patrick, David, and Donald Blankenberger, in their respective individual capacities, alleging breach of partnership agreement and demanding an accounting. Defendants counterclaimed on the same grounds. On October 3, 2012, Defendants moved to dismiss Plaintiffs' claim for failure to prosecute or comply with court orders.

1

Upon defendant's motion, a trial court, as part of its inherent authority, may involuntarily dismiss a plaintiff's claim for failure to prosecute. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). Before dismissing a case, an explicit warning must be given to plaintiff's counsel that further failure to comply with court orders may result in dismissal. *Ball v. City of Chicago*, 2 F.3d 752, 755-56, 760 (7th Cir. 1993) (citations omitted). The dismissal "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

While the parties have briefed the issue of whether Plaintiffs have failed to prosecute their claim, the court need not reach the merits of their arguments. It is clear that no warning was given by the court to Plaintiffs' counsel. Unless Plaintiffs' counsel knows or should reasonably know that a Rule 41(b) dismissal is a possibility, dismissal is not a proper exercise of judicial discretion. *Ball*, 2 F.3d at 756. The court therefore **DENIES** Defendants' motion to dismiss for failure to prosecute. (Docket # 83).

**SO ORDERED** this 26th day of March 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distribution via First-Class U.S. Mail to:

Robert W. Sacoff
Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
311 South Wacker Drive
Suite 5000
Chicago, IL 60606

Joseph Nye Welch, II
Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
311 South Wacker Drive
Suite 5000
Chicago, IL 60606

Ian Jared Block
Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
311 South Wacker Drive
Suite 5000
Chicago, IL 60606