UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BLACK RUSH MINING LLC, | ) | |
| INDIANA FARMS, INC. | ) | |
| LAFAYETTE ENERGY COMPANY, and | ) | |
| JOHN A. BRANDT individually, | ) | |
| | ) | |
| Plaintiffs/Counterclaim-Defendants, | ) | |
| | ) | |
| vs. | ) | 3:12-cv-24-RLY-WGH |
| | ) | |
| BLACK PANTHER MINING, LLC, | ) | |
| FIVE STAR MINING, | ) | |
| BB MINING, | ) | |
| PATRICK  BLANKENBERGER | ) | |
| individually, | ) | |
| DAVID M. BLANKENBERGER | ) | |
| individually, | ) | |
| DONALD  BLANKENBERGER | ) | |
| individually, | ) | |
| | ) | |
| Defendants/Counterclaim-Plaintiffs. | ) | |

**ENTRY ON PLAINTIFFS' MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIM**

Plaintiffs and Counterclaim-Defendants, Black Rush Mining, LLC, Indiana Farms,

Inc., Lafayette Energy Company, and John A. Brandt, individually, filed suit against

Defendants and Counterclaim-Plaintiffs, Black Panther Mining, LLC, Five Star Mining,

BB Mining, and Patrick, David, and Donald Blankenberger, in their respective individual

capacities, alleging breach of partnership agreement and demanding an accounting.

Defendants counterclaimed on the same grounds.  On July 5, 2012, Plaintiffs moved to

dismiss Defendants' Amended Counterclaim for improper pleading and failure to state a

1

claim upon which relief could be granted.  (Docket # 75).  For the reasons set forth

below, Plaintiffs' motion to dismiss is **DENIED**.

**I.     Background**

    **A.     Underlying Facts**

The parties' business relationship began no later than 1995.  That year, Defendants

began providing coal mining services for Pride Mine, which was owned by Plaintiffs.[1]

(Amended Counterclaim ¶¶ 15-22).  The parties executed several agreements for Pride

Mine, under which Defendants were responsible for mining operations (Plaintiffs' Ex. A

at 1), and Plaintiffs would be the sole seller of the mined coal.  (Plaintiffs' Ex. B. at 1).

Defendants acquired land adjoining Pride Mine ("Vories Property"), and on April 30,

1999, executed a Coal Mining Lease and Sub-Lease with Plaintiffs to mine the Vories

Property.  (Plaintiffs Exs. C-D).  Defendants conducted surface mining at Pride Mine

until September 2003.  (Amended Counterclaim ¶¶ 21).

According to Plaintiffs, at some point no later than 1998, the parties agreed to an

oral partnership agreement for future coal mining projects.  The purported arrangement

called for Plaintiffs and Defendants to share equally all profits and losses from their

combined operations.  Similar to their contractual agreements for Pride Mine, Defendants

would be responsible for mining operations and Plaintiffs responsible for sale of the coal.

(Amended Complaint ¶¶ 17-18).

---

[1] The amended complaint and amended counterclaim refer to agreements between several
different entities owned by Plaintiffs and Defendants, not all of which are named parties in this
suit.  For the purposes of this motion, the court finds it sufficient to refer to the parties in each
contract as Plaintiffs and Defendants.

At an undetermined time, the parties began mining operations and coal sales for Oaktown Mine No. 1, with Defendants providing mining services, Plaintiffs responsible for sales, and the parties jointly responsible for mine management.  Plaintiffs claim Oaktown Mine No. 1, which they owned, was covered by the partnership agreement.  (*Id*. ¶¶ 22, 24, 26).  While their joint operation of Oaktown Mine No. 1 was ongoing, Plaintiffs claim that the parties also contemplated opening and operating together Oaktown Mine No. 2 (collectively, "Oaktown Mines"), pursuant to the partnership agreement.  (*Id*. ¶ 25).

In late 2009, the parties' relationship began to fall apart.  Plaintiffs claim that the Defendants sought unsuccessfully to modify the partnership agreement.  (*Id*. ¶¶ 26-27).  Defendants also began independent development of Oaktown Mine No. 2 with a Vectren Fuels, Inc. affiliate (Amended Counterclaim ¶¶ 30), which Plaintiffs claim violated the partnership agreement.  (Amended Complaint ¶ 30).

### B.    Parties' Claims

Plaintiffs accuse the Defendants of failing to remit no less than $2,000,000 to Plaintiffs, which they claim is due to them under the partnership agreement as 50% of profits from the operation of Oaktown Mine No. 1.  (*Id*. ¶¶ 34-35).  Plaintiffs seek an accounting to determine their present and future lost profits resulting from Defendants' breach of the partnership agreement for Oaktown Mine No. 2.  (*Id*. ¶¶ 30, 38).  Defendants deny that a partnership agreement ever existed for Oaktown Mines.  (Amended Counterclaim ¶ 32).

While denying the existence of the partnership agreement, Defendants argue that, if the court was to find that the parties' relationship for Oaktown Mines was a partnership, then Pride Mine was also covered by the same oral agreement.  (*Id*.).  Consequently, they argue, Plaintiffs would be liable for one half of the losses Defendants sustained while operating Pride Mine.  Defendants further claim they would be entitled to 50% of any profits earned by Plaintiffs from Pride Mine or the Oaktown Mines, which they allege Plaintiffs have not remitted to them.  (*Id*. ¶¶ 25, 32-35).  Plaintiffs counter that the parties' relationship for Pride Mine was purely contractual and outside the scope of a partnership agreement.  (Plaintiff's Memorandum at 4).  Jurisdiction and venue are proper in this court.  28 U.S.C. §§ 1332, 1391.

## II.   Discussion

### A.   Failure to State a Claim

#### 1.   Legal Standard

A district court may dismiss a claim for "failure to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).  To comply with the pleading requirements in Rule 8(a)(2), a complaint must "give the defendant fair notice of what the . . . claim is and the ground on which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  A complaint need not make detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but it must contain more than "an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009).  "A pleading that offers 'labels and

4

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Additionally, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The court must treat the factual allegations in the complaint as true, construe the allegations liberally, and draw all reasonable inferences in the plaintiff's favor. *See Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005) (internal quotation omitted).

### 2.   Analysis

Plaintiffs claim that by express agreement of the parties, Pride Mine was not subject to the purported partnership agreement, and they attach the parties' Contract Coal Mining Agreement, Exclusive Sales Marketing Agreement, Coal Mining Lease, and Coal Mining Sub-Lease in support. (Plaintiffs' Memorandum at 3-4 (citing Plaintiffs' Exs. A-D)). Plaintiffs claim all the attached contracts pertain to Pride Mine. Since the Coal Mining Sub-Lease expressly defined the parties' relationship as lessor-lessee, not a partnership (Plaintiffs' Ex. D ¶ 14.2), Plaintiffs argue that Defendants cannot sustain a breach of partnership claim that includes Pride Mine. Consequently, the court should dismiss the Amended Counterclaim at this initial stage.

The court must deny this motion for two reasons. First, it is not clear that all the contracts are within the pleadings. Courts are required to convert Rule 12(b)(6) motions

to motions for summary judgment if materials beyond the pleadings are attached, and "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion" before granting a motion for summary judgment.  FED. R. CIV. P. 12(d).  There is a narrow exception:  if the documents are referred to in the complaint and central to plaintiff's claim, then the documents are considered to be part of the pleadings, and a court may consider them as part of a Rule 12(b)(6) motion.  *See Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).  However, the Contract Mining Agreement (Plaintiffs' Ex. A) is the only document expressly referred to in the Amended Counterclaim (Amended Counterclaim ¶ 20), so the remaining contracts do not fit squarely within the exception laid out in *Wright* and cited by Plaintiffs.  (Plaintiffs' Memorandum at 3-4).

Second, even if the court concluded that the remaining contracts were implicitly referenced in the complaint when Defendants discussed the parties' relationship for Pride Mine (Amended Counterclaim ¶¶ 15-26), and thus were part of the pleadings, it is clear those contracts do not represent the entirety of the parties' relationship for Pride Mine. An addendum to the Exclusive Sales Marketing Agreement notes that there were leases and sub-leases for Pride Mine executed in 1996 that superseded the Contract Mining Agreement.  (Plaintiffs' Ex. B at 4).  Plaintiffs did not attach the 1996 contracts. Moreover, while the Coal Mining Sub-Lease did expressly deny a partnership, that sub-lease pertained only to the Vories Property.  (Plaintiffs' Ex. D at 1).  It did not contain a merger clause or any language that would have caused the parties' Pride Mine operations to be governed by the Coal Mining Sub-Lease for the Vories Property.  The court cannot

6

conclude that the parties foreclosed any possibility of Pride Mine being part of a partnership.

Oral partnership agreements are highly fact-sensitive.  In this instance, where the parties disagree on whether a partnership agreement even existed, and the scope of the agreement if it did, the court cannot conclude as a matter of law that Pride Mine was not covered by any partnership agreement.  These issues are best addressed at later stages of litigation, and the court therefore denies Plaintiffs' motion to dismiss for failure to state a claim.

### B.       Failure to Comply with Pleading Requirements

#### 1.       Legal Standard

Federal Rule of Civil Procedure 10(b) requires that a party limit its claims and defenses "as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." FED. R. CIV. P. 10(b); *see Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).  Dismissal is most often appropriate when a complaint is so unintelligible that the defendant cannot be reasonably expected to be on notice of plaintiff's claims.  *Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011).  The Seventh Circuit has dismissed complaints where a plaintiff's rampant syntax errors, failure to follow basic directions, and incomprehensibility meant the plaintiff had failed to put the defendant on notice.  *Id*. at 798-99.  It has also dismissed a complaint that was so long it "would have forced the defendants to spend countless hours 'fishing' for the few relevant allegations."  *Id*. at 798 (citing *U.S. ex rel Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

## 2.      Discussion

Plaintiffs allege that Defendants intertwined allegations of breach of partnership as it pertained to the Oaktown Mines and Pride Mine, which Plaintiffs claim dealt with separate circumstances and contracts.  Plaintiffs state Defendants violated Rule 10(b)'s "one claim per count" requirement by doing so.  Plaintiffs further argue it is difficult to respond to the counterclaim as pleaded, since they would answer the counterclaim as it pertained to Oaktown Mines and move to dismiss under Rule 12(b)(6) as it pertained to Pride Mine.  Defendants counter that since they are alleging breach of a single partnership agreement covering both Oaktown and Pride Mines, there was only one claim alleged in their count.

By this Entry, the court has already denied Plaintiffs' motion to dismiss for failure to state a claim, as it is possible that the alleged partnership agreement encompassed both Pride Mine and the Oaktown Mines.  Thus, Defendants have alleged only one claim in their breach of partnership allegation, and Plaintiffs should not have any difficulty answering the Amended Counterclaim.  The court therefore denies Plaintiffs' Rule 10(b) motion to dismiss.

## III.   Conclusion

For the foregoing reasons, Plaintiffs' Motion to Dismiss Amended Counterclaim

for failure to state a claim (Docket # 75) is **DENIED.**

**SO ORDERED** this 26th day of March 2013.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distribution via First-Class U.S. Mail to:

Robert W. Sacoff
Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
311 South Wacker Drive
Suite 5000
Chicago, IL 60606

Joseph Nye Welch, II
Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
311 South Wacker Drive
Suite 5000
Chicago, IL 60606

Ian Jared Block
Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP
311 South Wacker Drive
Suite 5000
Chicago, IL 60606